**Lucille W. MORAN, Plaintiff-Appellant,**

v.

**COMMANDING GENERAL OF the UNITED STATES ARMY FINANCE CENTER, Defendant-Appellee.**

**No. 15322.**

United States Court of Appeals Seventh Circuit.

May 3, 1966.

Lucille W. Moran, pro se.

Richard P. Stein, U. S. Atty., David W. Mernitz, Asst. U. S. Atty., Southern Dist. of Indiana, Indianapolis, Ind., for defendant-appellee.

Before KNOCH, KILEY and SWYGERT, Circuit Judges.

KILEY, Circuit Judge.

This is a civil rights action, filed November 30, 1964, under 28 U.S.C. § 1343, for violation of 42 U.S.C. §§ 1983 and 1985,[1] seeking $500,000.00 damages. The district court dismissed on the ground that the court had no jurisdiction over the nameless defendant, a nonentity in law. We affirm.

The complaint alleges, in substance, the following: In 1959 plaintiff, a retired Army officer, executed and delivered to the office of defendant a power of attorney authorizing a Massachusetts bank to collect and deposit to her account monthly checks due her from the Army. Subsequently the bank and her brothers, in conspiracy, obtained a state court appointment of the bank as conservator of her estate, on the ground that she was mentally ill.[2] And that thereafter, the defendant "or persons under his control and command, conspired" to carry into effect an assignment to the bank of the monthly checks, in violation of the provisions of the executed power of attorney and Army regulations; and that these actions of the defendant done in conspiracy set in motion a series of actions which deprived plaintiff of her rights, privileges, and immunities under the fourteenth amendment.

The dismissal by the district court on March 31, 1965, was conditional, i. e., plaintiff was allowed fifteen days in which to amend her complaint to name an "appropriate defendant." On April 12, 1965, plaintiff moved, pursuant to Rule 59(e), to alter the judgment, persisting in her theory that under Rule 25(d) of the Federal Rules of Civil Procedure[3] defendant, the "Commanding General, U.

1. Plaintiff also relies in her complaint upon 37 U.S.C. §§ 351–354 and various Army regulations "for redress."

2. The Court of Appeals for the First Circuit has affirmed per curiam in an unpublished opinion a dismissal of plaintiff's suit under 42 U.S.C. §§ 1983, 1985(3) in Massachusetts. Moran v. Penan, No. 6487, 1st Cir., June 8, 1965, cert. denied, 382 U.S. 943, 86 S.Ct. 400, 15 L.Ed.2d 352 (1965). We note also that the same court has recently affirmed summary judgment for certain officials of the Massachusetts Registry of Motor Vehicles, whom plaintiff had sued under 42 U.S.C. §§ 1983 and 1985 for their part in the alleged "conspiracy." Moran v. Bench, 353 F.2d 193 (1st Cir. 1965).

3. Fed.R.Civ.P. 25(d) (1961):
   (d) Public Officers; Death or Separation from Office.
   (1) When a public officer is a party to an action in his official. capacity and during its pendency dies, resigns, or otherwise ceases to hold office, the action does not abate and his successor is automatically substituted as a party. Proceedings following the substitution shall be in the name of the substituted party, but any misnomer not affecting the substantial rights of the parties shall be disregarded. An order of substitution may be entered at any time, but the omission to enter such an order shall not affect the substitution.
   (2) When a public officer sues or is sued in his official capacity, he may be described as a party by his official title rather than by name; but the court may require his name to be added.
   Plaintiff in this motion noted that she "has no cause of action against the United States of America, merely agents thereof, purporting as legal entities to transact the official business of the United States of America under color of State Law (Massachusetts)."

S. Army Finance Center," was a legal entity, and urging the court to enter summary judgment in her favor. The United States Attorney answered that since a money judgment was sought, which would have to be enforced against the personal assets of someone, Rule 25 (d) was not applicable. On May 21, 1965, plaintiff moved the court to substitute the "names of persons" serving in specified time periods in the office named as defendant, and subordinate unnamed parties. The district court subsequently denied these motions.

Even assuming, but of course not deciding, that there was properly charged a deprivation of her civil rights,[4] plaintiff is claiming against the person who held the defendant-office as an individual when the alleged wrongful conduct took place, and the court had no jurisdiction of that person. The district court noted in its entry that, according to its information, that person, who still remains nameless, had retired in the summer of 1961 to Florida. Thus, in addition to naming no legal entity,[5] plaintiff could not name a person, responsible for the acts complained of, over whom the court had jurisdiction. She seeks money damages and has neither named nor served any person against whom a judgment can be entered for recovery of money, or against whom

execution can issue to enforce a money judgment.

The condition in the judgment not having been met, the judgment became final and is hereby affirmed.

---

4. The government has argued that the court had no jurisdiction of the subject matter because defendant was not acting "under color of state law" under 42 U.S.C. § 1983, see e. g., Wheeldin v. Wheeler, 373 U.S. 647, 650 n. 2, 83 S.Ct. 1441, 10 L.Ed.2d 605 (1963), and the alleged deprivation of rights is too remote and tenuous to support federal jurisdiction under 28 U.S.C. § 1343 and 42 U.S.C. § 1985(3), see e. g. Snowden v. Hughes, 321 U.S. 1, 6–7, 64 S.Ct. 397, 88 L.Ed. 497 (1944); also argued is that the discretionary acts of the defendant were absolutely privileged under the doctrine of Barr v. Matteo, 360 U.S. 564, 79 S.Ct. 1335, 3 L.Ed.2d 1434 (1959). We do not reach these issues, except to observe that the alleged connection between the actions of the defendant's-office and those involved in the Massachusetts proceedings are tenuous indeed on this record.

5. Rule 25(d) does not help plaintiff, for as the Notes of the Advisory Committee state: "Excluded from the operation of the amended rule will be the relatively infrequent actions which are directed to securing money judgments against the named officers enforceable against their personal assets; in these cases Rule 25 (a) (1), not Rule 25(d), applies to the question of substitution. Examples are actions against officers seeking to make them pay damages out of their own pockets for defamatory utterances or other misconduct in some way related to the office." 28 U.S.C.A., Rule 25, p. 79 (Supp. 1965). Rule 25(a) (1), concerning substitution after death of a proper party, has no application here.