# In the
# United States Court of Appeals
## For the Seventh Circuit

———————

No. 02-3273

RICHARD A. KALINOWSKI,

*Plaintiff-Appellant,*

v.

MIKE BOND and JENNIFER WILSON,

*Defendants-Appellees.*

———————

Appeal from the United States District Court
for the Southern District of Illinois.
No. 02-745-DRH—**David R. Herndon**, *Judge.*

———————

SUBMITTED FEBRUARY 3, 2004—DECIDED FEBRUARY 19, 2004

———————

Before EASTERBROOK, MANION, and EVANS, *Circuit Judges.*

EASTERBROOK, *Circuit Judge.* Richard Kalinowski, who is confined at Big Muddy River Correctional Center under the Illinois Sexually Dangerous Persons Act, 725 ILCS 205/1.01 to 12, filed this suit against persons who he asserts deprived him of adequate access to the prison's law library. He wants $6 million in damages plus an injunction compelling the prison to furnish six hours of library access 365 days per year. The district court dismissed the complaint on multiple grounds, including failure to exhaust administrative remedies. See 42 U.S.C. §1997e(a). Although the judge used 28 U.S.C. §1915A to act peremptorily, failure to employ administrative remedies is conceded, so invocation

of what ordinarily would be an affirmative defense was within the judge's authority. See *Walker v. Thompson*, 288 F.3d 1005 (7th Cir. 2002). The judge added that the complaint also came within 28 U.S.C. §1915(g). Three suits or appeals that meet this definition require a prisoner to prepay all filing fees for most future civil suits. See *Lewis v. Sullivan*, 279 F.3d 526 (7th Cir. 2002). Three strikes and you're out, under the Prison Litigation Reform Act as well as the rules of baseball, and this complaint was Kalinowski's third strike. The district court's approach supposes that Kalinowski *is* a "prisoner," for the exhaustion and three-strikes rules apply to prisoners only. District judges disagree about whether persons detained as sexually dangerous are "prisoners," and we have not addressed that issue until today.

Kalinowski contends that he is a "civil [sic] committed person" and thus not a "prisoner" subject to the Prison Litigation Reform Act. The word is a defined term: "As used in this section, the term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. §1915(h). Identical definitions appear in 28 U.S.C. §1915A(c) and 42 U.S.C. §1997e(h). This language speaks directly to persons held under the Illinois Sexually Dangerous Persons Act. As we explained in *Allison v. Snyder*, 332 F.3d 1076 (7th Cir. 2003), everyone covered by this statute is a pretrial detainee: a person charged with a felony, whose criminal proceedings are held in abeyance during treatment for mental illness. See also, e.g., *Allen v. Illinois*, 478 U.S. 364, 370 n.5 (1986); *People v. Trainor*, 196 Ill. 2d 318, 324-29, 752 N.E.2d 1055, 1059-62 (2001). Pretrial detainees are "prisoners" for purposes of the PLRA because they are in custody while "accused of . . . violations of criminal law".

It is unnecessary to consider whether a person whose criminal conviction has expired, and is held thereafter as sexually dangerous, also is a "prisoner." Such a person has been "sentenced for" a crime, but the justification for ongoing custody is future dangerousness rather than (solely) past criminality. See *Kansas v. Crane*, 534 U.S. 407 (2002). Applying the PLRA's definition to such detainees may be difficult. See *Page v. Torrey*, 201 F.3d 1136, 1139-40 (9th Cir. 2000) (post-expiration detainee is no longer a "prisoner"). Cf. *Perkins v. Hedricks*, 340 F.3d 582 (8th Cir. 2003) (person held on pure civil commitment is not a "prisoner"); *Troville v. Venz*, 303 F.3d 1256, 1259-60 (11th Cir. 2002) (same); *Kolocotronis v. Reddy*, 247 F.3d 726, 728 (8th Cir. 2001) (person held on civil commitment following verdict of not guilty by reason of insanity is not a "prisoner"). For a person held on unresolved criminal charges, however, there is no difficulty at all. Kalinowski and others like him are "prisoners." So this suit was rightly dismissed for lack of exhaustion, and the appeal following a frivolous complaint is yet another "strike." See *Newlin v. Helman*, 123 F.3d 429, 433 (7th Cir. 1997). (Lack of exhaustion was not the complaint's only failing; the district judge deemed it frivolous on the merits, and nothing in the appellate brief calls this into question.) Kalinowski must prepay all filing fees for his future civil litigation unless he demonstrates at the time of the suit's commencement that he "is under imminent danger of serious physical injury." 28 U.S.C. §1915(g).

AFFIRMED.

A true Copy:

  Teste:

       _____
       *Clerk of the United States Court of*
       *Appeals for the Seventh Circuit*