**John D. RING, Plaintiff–Appellant,**

v.

**Thomas APPLETON, et al.,**
**Defendants–Appellees.**

**No. 03–1257.**

United States Court of Appeals,
Seventh Circuit.

Submitted March 24, 2004.*

Decided March 26, 2004.

John D. Ring, Ina, IL, pro se.

Leslye Jones–Beatty, Office of the Attorney General, Chicago, IL, William P. Hardy, Hinshaw & Culbertson, Springfield, IL, for Defendant–Appellees.

Before EASTERBROOK, MANION, and EVANS, Circuit Judges.

ORDER

John Ring has been held in civil confinement since 1995 pursuant to the Illinois Sexually Dangerous Persons Act, 725 Ill. Comp. Stat, 205/0.01 *et seq.* He alleges that his continued confinement is the result of an unlawful conspiracy by the defendants, and he filed this suit under 42 U.S.C. § 1983 seeking damages and an order that would release him from confinement. The defendants are an assistant state's attorney, two of Ring's defense lawyers, the state judge who presided in his case, a court reporter, and two employees of the Illinois Department of Corrections. The district court dismissed the case on the ground that Ring's claims are not yet cognizable under § 1983. Ring appeals and we affirm.

Ring may not use § 1983 to obtain the relief he seeks. Ring first wants to be released from custody. But a writ of habeas corpus, *see* 28 U.S.C. § 2254, is the sole federal remedy he may use to attack the fact or duration of his confinement. *Preiser v. Rodriguez,* 411 U.S. 475, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); *see also Adams v. Bartow,* 330 F.3d 957 (7th Cir. 2003) (action under § 2254 by civilly committed sex offender). Ring also seeks damages because he says his commitment is unconstitutional. But a state prisoner may not sue for damages arising out of allegedly unconstitutional confinement until his conviction is either invalidated by a state court or called into question by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey,* 512 U.S. 477, 486–87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). Although Ring is civilly committed rather than incarcerated under a criminal sentence, similar policy concerns apply for persons held in other forms of confinement actively supervised by state courts. *See Nelson v. Murphy,* 44 F.3d 497, 502 (7th Cir.1995). Accordingly, Ring may not re-

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

cover damages under § 1983 until his commitment is either invalidated or he successfully petitions the district court for a writ of habeas corpus.

Lastly, we note that persons committed under the Illinois Sexually Dangerous Persons Act are subject to the provisions of the Prison Litigation Reform Act. *Kalinowski v. Bond,* 358 F.3d 978, 978–79 (7th Cir.2004). Ring has earned two "strikes" under the PLRA because both his initial suit and this appeal were frivolous. *See* 28 U.S.C. § 1915(g).

AFFIRMED.