**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted April 26, 2005[*]
Decided April 27, 2005

**Before**

Hon. JOHN L. COFFEY, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*

No. 04-1487

| | |
|---|---|
| JOHN D. RING, | Appeal from the United States |
| *Plaintiff-Appellant,* | District Court for the Central |
| | District of Illinois |
| *v.* | |
| | No. 03-CV-3256 |
| JAMES A. KNECHT, et al., | |
| *Defendants-Appellees.* | Harold A. Baker, |
| | *Judge.* |

**O R D E R**

John Ring is a sex offender who is civilly committed pursuant to the Illinois Sexually Dangerous Persons Act, 725 ILCS 205/0.01 *et seq.*  Ring previously filed a lawsuit under 42 U.S.C. § 1983, seeking his release from confinement and damages from a number of lawyers, judges, and others whom he alleged conspired to keep him committed.  The district court dismissed that case and we affirmed.  *Ring v. Appleton*, 93 Fed. Appx. 993 (7th Cir. 2004).  Ring then filed a new § 1983 suit against his attorney and several other state judges; the new action seeks only

---

[*] On February 3, 2005, this court granted the appellees' motion for an order of noninvolvement due to lack of service of process in the district court.  After an examination of the appellant's brief and the record, we have concluded that oral argument is unnecessary.  Thus, the appeal is submitted on the appellant's brief and the record.  *See* Fed. R. App. P. 34(a)(2).

damages—over $50 million from each defendant—but repeats many of the same allegations from his previous suit. The district court dismissed his complaint at screening, *see* 28 U.S.C. § 1915A. Ring paid the filing fee and appealed.

Ring argues that the district court should not have dismissed his complaint. But this case was properly dismissed because, as we explained in his previous appeal, Ring may not sue for damages arising out of allegedly unconstitutional confinement until either his commitment is invalidated by a state court or he successfully petitions the district court for a writ of habeas corpus. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Nelson v. Murphy*, 44 F.3d 497, 502 (7th Cir. 1995). Furthermore, several of the defendants Ring has sued are judges who presided over his commitment proceedings and appeals, and those judges are immune from damages for actions taken in their judicial capacity. *See Snyder v. Nolan*, 380 F.3d 279, 285-86 (7th Cir. 2004).

Ring also argues that, as a civilly committed sex offender, he should not be subject to the provisions of the Prison Litigation Reform Act. But civilly committed sex offenders in Illinois are indeed subject to the PLRA. *Kalinowski v. Bond*, 358 F.3d 978, 978-79 (7th Cir. 2004). Ring has accumulated two "strikes" under the PLRA for this litigation because both the underlying suit and this appeal are frivolous. *See* 28 U.S.C. § 1915(g); *Hains v. Washington*, 131 F.3d 1248, 1250 (7th Cir. 1997). Since Ring also earned two strikes for his previous litigation, *Ring v. Appleton*, 93 Fed. Appx. at 994, he has "struck out." Ring is barred from proceeding in forma pauperis in future civil suits, except as provided in 28 U.S.C. § 1915(g).

AFFIRMED.