UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 3, 2006[*]
Decided May 3, 2006

**Before**

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. FRANK H. EASTERBROOK, *Circuit Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

No. 05-3160

| | |
|---|---|
| DONALD CAMPBELL,<br>    *Plaintiff-Appellant,*<br><br>    *v.*<br><br>CITY OF CHICAGO, et al.,<br>    *Defendants-Appellees.* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division<br><br>No. 05 C 2351<br><br>Elaine E. Bucklo,<br>*Judge.* |

## O R D E R

Donald Campbell, who at all relevant times has been in the custody of the Cook County Department of Corrections, filed a complaint under 42 U.S.C. § 1983 claiming that police officers violated his constitutional rights by using excessive force during his arrest, fabricating evidence, and illegally searching his home. Campbell also submitted an application to proceed *in forma pauperis* but failed to disclose that he previously had accumulated "three strikes" under 28 U.S.C. § 1915(g). The omission was not overlooked by the district court, which denied

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and record. *See* Fed. R. App. P. 34(a)(2).

pauper status and dismissed Campbell's complaint on the ground that he perpetrated a fraud upon the court by failing to reveal the strikes. Campbell appeals, and although he concedes prior knowledge of his strikes, he argues that the failure to disclose them was not in bad faith because, he says, he always "intended to pay the filing fee" and "only filed the application to proceed *in forma pauperis* to have the case docketed" before the statute of limitations ran on his claims.

A prisoner cannot "bring a civil action" *in forma pauperis* if he has "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action . . . that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *see Kalinowski v. Bond*, 358 F.3d 978, 979 (7th Cir. 2004); *Ciarpaglini v. Saini*, 352 F.3d 328, 329 (7th Cir. 2003). Twice before district courts had told Campbell he had accumulated three strikes and would have to pay the filing fee in full before bringing future actions unless he was threatened with imminent physical danger. *Campbell v. O'Brien*, No. 04 C 7545 (N.D. Ill. Feb. 1, 2005) (unpublished order); *Jones-el v. Berge*, No. 00-C-421-C, 2002 WL 32362655, at *2, 5 (W.D. Wis. Sept. 18, 2002) (unpublished order). And where a prisoner seeks to obtain pauper status after a federal judge has warned that § 1915(g) applies to him, his suit will be terminated immediately; it does not matter that the prisoner intends to pay the filing fee at a later date, that he filed solely to prevent the statute of limitations from running on his claim, or that he is proceeding *pro se*. *See Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999). The very fact that Campbell admits consciously failing to inform the district court of his three strikes in order "to have the case docketed" demonstrates that he intended to pull the wool over the court's eyes regarding the applicability of § 1915(g).

AFFIRMED.