**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 16, 2012[*]
Decided May 23, 2012

**Before**

RICHARD A. POSNER, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

No. 11-1108

| | |
|---|---|
| STADFORD R. JOHNSON, *Plaintiff-Appellant,* | Appeal from the United States District Court for the Southern District of Illinois. |
| *v.* | No. 10-cv-00334 |
| ALLEN ARBEITER, et al., *Defendants-Appellees.* | Michael J. Reagan, *Judge*. |

**O R D E R**

Stadford Johnson has been civilly committed by the State of Illinois as a sexually dangerous person. *See* 725 ILCS 205/0.01–12. He is confined at the Big Muddy River Correctional Center. In this suit under 42 U.S.C. § 1983, Johnson claims that he was denied

---

[*]The appellees were not served with process in the district court and are not participating in this appeal. After examining the appellant's brief and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the appellant's brief and the record. *See* FED. R. APP. P. 34(a)(2)(C).

due process when he was sent to segregation without lunch (and ordered to remain there for a month) after he argued with one of the two defendants. Johnson's complaint and attached grievances, one of which includes an illustrated account of events, are difficult to decipher. But Johnson appears to allege that one day a guard accused him of stepping out of line on the way to the cafeteria and then ordered him back to his housing unit without lunch. Johnson told the guard that he is diabetic and needed to eat, but the guard—the first defendant—became angry and sent him to segregation. Johnson then suffered an emergency "hypoglycemia episode," which prompted segregation staff to give him a tray of food. The second defendant presided over a disciplinary hearing and punished Johnson with a month in segregation, presumably because of the incident with the guard. The district court screened the complaint, *see* 28 U.S.C. § 1915A; *Kalinowski v. Bond*, 358 F.3d 978 (7th Cir. 2004), and dismissed it with prejudice for failure to state a claim. The court reasoned that Johnson's confinement in segregation implicated no liberty interest and that the denial of one meal (which actually appears to us to be a *delay* of one meal) was not constitutionally significant.

On appeal Johnson mischaracterizes the basis for the district court's decision. He asserts that the court dismissed his complaint for failure to pay the docketing fee and argues that this outcome is unfair because prison administrators failed to transfer the funds from his trust fund account to the court. But the record refutes this contention. Johnson's complaint was dismissed the same day that the district court evaluated his application to proceed *in forma pauperis*. The omission Johnson mentions relates to this court, not the district court: Prison administrators neglected to transfer Johnson's *appellate* docketing fee to the clerk of the district court, causing us to dismiss the appeal. Yet once the money was received, we recalled our mandate and reinstated Johnson's appeal.

In fact the district court dismissed Johnson's complaint on the merits under § 1915A. Johnson's notice of appeal references this order, but he has not pointed to error by the district court. Even a pro se litigant must identify a basis for disagreeing with the challenged decision, and since Johnson has not, the judgment must stand. *See Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001) (noting that court will not craft arguments for pro se litigants).

In this litigation Johnson has incurred two "strikes" under 28 U.S.C. § 1915(g), one for filing a complaint which fails to state a claim and a second for appealing the dismissal of that complaint. *See Hains v. Washington,* 131 F.3d 1248, 1250 (7th Cir. 1997). Given this outcome and Johnson's strikes incurred in prior litigation, he now has accumulated more than three and in the future may not proceed *in forma pauperis* unless he is under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

AFFIRMED.