**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 14, 2015[*]
Decided April 15, 2015

**Before**

RICHARD A. POSNER, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

No. 14-3140

| | |
|---|---|
| JOHNNY M. GIBSON, *Plaintiff-Appellant*, | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *v.* | No. 14-C-45 |
| WILLIAM POLLARD, et al., *Defendants-Appellees*. | William C. Griesbach, *Chief Judge*. |

**O R D E R**

Johnny Gibson, a Wisconsin prisoner, appeals from the dismissal of his civil-rights suit claiming that his right to due process under the Fourteenth Amendment was violated when he twice was placed in administrative confinement. Because Gibson received adequate process, we affirm.

---

[*] After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(C).

In early 2000, Gibson began serving a 20-year sentence for first-degree sexual assault of a child. *See* WIS. STAT. § 948.02(1). Over the next 12 years, while housed at Green Bay Correctional Institution and Racine Correctional Institution, he was disciplined 6 times for engaging in sexual conduct with other inmates. *See* WIS. ADMIN. CODE DOC § 303.15 (banning sexual contact and intercourse among inmates regardless of consent). He was transferred to Waupun Correctional Institution in July 2012 after his security classification was elevated to maximum based on his latest sex offense and history of predatory behavior.

After six months at Waupun the correctional program supervisor, Officer B. Greff, wanted Gibson placed in administrative confinement. *See* WIS. ADMIN. CODE DOC § 308.04. Greff asserted that Gibson's presence in the general population posed "a substantial risk to staff, inmates, and institutional integrity." Greff completed a form "Recommendation for Administrative Confinement" that details Gibson's many sex offenses while incarcerated. A copy of this form was given to Gibson a week before his appearance in front of the prison's Administrative Confinement Review Committee. Gibson disputed being dangerous because, he said, the sexual encounters had been consensual. After reviewing Gibson's history of sex offenses, including demanding sexual favors from inmates after sharing canteen items or assisting with legal work, the Review Committee issued a written decision finding that administrative confinement was necessary.

That decision was in March 2013. Gibson's administrative appeals were denied, and he remained in administrative confinement until July 2013, when a disciplinary violation led to a 2-month term in disciplinary segregation. Before that punishment ended, Officer Greff drafted another recommendation that Gibson be returned to administrative confinement upon his release from segregation, referring to the same history of sexual misconduct during Gibson's tenure in state prison. After receiving this recommendation, Gibson sought to question the security director, whose concerns about Gibson had prompted Greff's recommendations for administrative confinement. That request was denied. After another hearing attended by Gibson, the Administrative Confinement Review Committee concluded again in August 2013 that placing Gibson in the general population would create a security risk. The Review Committee highlighted statements given by two inmates that Gibson had forced them to engage in sexual acts. Gibson's administrative appeals were denied.

Gibson then filed this suit under 42 U.S.C. § 1983. According to Gibson, he was not given adequate notice of the proposed placements, Officer Greff's recommendations

for administrative confinement included false information, he should have been allowed to call the security director as a witness at the second hearing, and the Review Committee's decisions are not supported by sufficient evidence.

The defendants moved to dismiss. They argued that the attachments to Gibson's complaint—Officer Greff's recommendations for administrative confinement, the Review Committee's decisions, and conduct reports detailing Gibson's sexual misconduct—establish that the prison provided Gibson constitutionally adequate process. The district judge, although assuming that Gibson had a liberty interest in avoiding placement in administrative confinement, agreed with the defendants that Gibson had pleaded himself out of court. The judge noted that Officer Greff's two written recommendations had alerted Gibson to the reasons for the proposed placements—that his presence in the general population presented a substantial risk to others and institutional security, *see* WIS. ADMIN. CODE DOC § 308.04(2)—and that Gibson had an opportunity to present a defense at the hearings. No more process was due a prisoner facing transfer to more-restrictive conditions, the judge concluded, and so Gibson's complaint does not state a claim for relief.

On appeal Gibson maintains that he was denied adequate process. In his view, because new incidents of sexual misconduct had not been substantiated since his transfer to Waupun, Officer Greff's written recommendations did not adequately notify him of a reason for the proposed placements in administrative confinement at that institution, and the Review Committee had lacked sufficient evidence that he posed a danger to the general prison population.

We first note two hurdles for Gibson. One, he has not plausibly alleged that he has a liberty interest in avoiding administrative confinement. That inquiry requires knowing the duration and conditions of Gibson's administrative confinement—details he has not divulged. *See Hardaway v. Meyerhoff,* 734 F.3d 740, 743 (7th Cir. 2013). And second, Gibson already was in administrative confinement when he was sent to *disciplinary* segregation for two months, so his *return* to administrative confinement in August 2013 could not have raised additional due-process concerns. *See Lagerstrom v. Kingston,* 463 F.3d 621, 623 (7th Cir. 2006). Thus, only the initial placement in March 2013 is relevant.

Yet even assuming that Gibson had a protected liberty interest in both March and August 2013, the Fourteenth Amendment does not require the amount of process that Gibson assumes. In *Westefer v. Neal,* 682 F.3d 679, 684–86 (7th Cir. 2012), we clarified that

an inmate, like Gibson, facing transfer to a more-restrictive prison setting is not entitled to the same level of process as an inmate facing a longer prison stay through the loss of good time. Inmates in the latter class are entitled to the safeguards set forth in *Wolff v. McDonnell*, 418 U.S. 539 (1974); for inmates in Gibson's situation, however, only informal, *nonadversarial* procedures are necessary. *See Wilkinson v. Austin*, 545 U.S. 209, 228–29 (2005); *Westefer v. Snyder*, 422 F.3d 570, 590 (7th Cir. 2005). So Waupun only was constitutionally required to give Gibson notice of its rationale for placing him in administrative confinement and an opportunity to present his views, *see Westefer*, 682 F.3d at 684–85; *Bistrian v. Levi*, 696 F.3d 352, 375 (3d Cir. 2012); *Stevenson v. Carroll*, 495 F.3d 62, 70 (3d Cir. 2007); *Senty-Haugen v. Goodno*, 462 F.3d 876, 888 (8th Cir. 2006), both of which the prison supplied. Each time Gibson was placed in administrative confinement, the prison—at least a week before his hearing—notified him about the pending recommendation and recounted in great detail his history of sexual misconduct. He was present at each hearing and allowed to rebut the recommendation. And he did not have a constitutional right to call witnesses. *See Westefer*, 682 F.3d at 679. The prison did all that it was required to do and then some.

Finally, before this appeal Gibson had incurred two strikes under the Prison Litigation Reform Act, so with this latest dismissal and appeal he has struck out. Now he must prepay all filing fees for his future civil litigation unless he demonstrates at the time of the suit's commencement that he "is under imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g); *Kalinowski v. Bond*, 358 F.3d 978, 979 (7th Cir. 2004).

AFFIRMED.