NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 3, 2016[*]
Decided February 3, 2016

**Before**

DANIEL A. MANION, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 15-3291

| | |
|---|---|
| ROBERT L. TATUM, on behalf of Blacks (African Americans), *Plaintiff-Appellant*, | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *v.* | No. 15-CV-00453 |
| UNITED STATES OF AMERICA, *Defendant-Appellee.* | Rudolph T. Randa, *Judge.* |

**O R D E R**

Robert Tatum, a Wisconsin inmate, sued the United States demanding redress for all descendants of persons brought from Africa as slaves before the Civil War. The district court dismissed the suit without prejudice at screening, *see* 28 U.S.C. § 1915A, and we affirm that decision.

---

[*] The United States was not served with process in the district court and is not participating in this appeal. After examining the appellant's brief and the record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the brief and the record. *See* FED. R. APP. P. 34(a)(2)(C).

Putting aside the obstacle of sovereign immunity, *see, e.g.*, *United States v. Bormes*, 133 S.Ct. 12, 16 (2012), Tatum lacks standing to sue for wrongs inflicted on third parties. Even if Tatum himself is a descendant of slaves (an allegation he never makes in his complaint), a plaintiff cannot pursue claims belonging to his ancestors whether or not the wrongs done to the ancestors have injured the plaintiff indirectly. *In re African–American Slave Descendants Litig.*, 471 F.3d 754, 759–60, 762 (7th Cir. 2006); *Cato v. United States*, 70 F.3d 1103, 1109–10 (9th Cir. 1995); *see also Alexander v. Oklahoma*, 382 F.3d 1206, 1215–20 (10th Cir. 2004) (explaining that claims brought by victims and their descendants for injuries incurred during a 1920s race riot were barred by statute of limitations).

In view of our decision in *In re African–American Slave Descendants Litigation*, this appeal is frivolous and counts as one of Tatum's allotted strikes under the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(g). We caution Tatum that if he incurs three strikes he will be required to prepay all filing fees for future civil litigation unless he "is under imminent danger of serious physical injury." *Id.*; *see Kalinowski v. Bond*, 358 F.3d 978, 979 (7th Cir. 2004).

AFFIRMED.