**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 7, 2020[*]
Decided December 8, 2020

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 20-1618

| | |
|---|---|
| LOIS ABA YANKAH, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 19 C 1936 |
| DUPAGE COUNTY, *et al.*, | Jorge L. Alonso, |
| *Defendants-Appellees*. | *Judge*. |

**O R D E R**

Lois Yankah, a former pretrial detainee, sued DuPage County officials for a host of alleged civil rights violations in the county jail while she awaited trial for check fraud. The district court dismissed her suit with prejudice for failure to state a claim after twice granting her leave to cure defects in her filings, and Yankah unsuccessfully moved for relief from the judgment. FED. R. CIV. P. 60(b). In a prior order, we limited her

---

[*] The appellees were not served with process and are not participating in this appeal. We have agreed to decide this case without oral argument because the brief and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

appeal to the denial of her Rule 60(b) motion, and because Yankah argues only that the underlying judgment was incorrect, we affirm.

In her March 2019 complaint, Yankah sued DuPage County, the jail, and unnamed sheriff's deputies for mistreatment at the jail after her 2017 arrest until her later extradition to Virginia. She asserted, for example, violations of her constitutional rights related to the use of an immigration detainer to prevent bail, denial of access to personal property, inhumane conditions, and denial of adequate medical care. The district court dismissed her suit without prejudice at screening, *see* 28 U.S.C. § 1915A,[1] for failing to state a claim upon which relief could be granted. Her complaint was a lengthy "'laundry list' of gripes" regarding various events, the court stated, and her allegations were untethered to the specific wrongful conduct of any defendant. The court advised Yankah to streamline and clarify her allegations, linking them to properly joined defendants.

After the district court concluded that neither Yankah's first nor second amended complaint cured the defects it had identified, it dismissed her suit with prejudice for failure to state a claim and assessed her with a "strike" under 28 U.S.C. § 1915(g).[2] Allowing her another chance to amend her complaint would be futile, it explained: Yankah had ignored its instructions on how to plead her claims properly, and her three submissions were all "substantively similar." And she was separately aware of the federal pleading requirements, the court noted, as a different federal court had recently dismissed another civil-rights suit after Yankah failed, in multiple proposed pleadings, to adequately state a claim. *See Yankah v. Riverside Reg'l Jail Auth.*, No. 2:18cv222, Dkt.

---

[1]  Although the district court invoked § 1915A, it does not appear that Yankah was a prisoner or pretrial detainee when she sued. In her motion to proceed in forma pauperis (which the court denied as moot after she paid the filing fee), she stated that she was not presently incarcerated; she wrote "N/A" on the space on the complaint form for identifying a place of confinement; and she consistently used a non-institutional address in her filings (though she provided a prisoner number as well). But we have said that a district court can screen any complaint and "dismiss frivolous or transparently defective suits spontaneously … even when the plaintiff has paid all fees for filing and service." *Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003). In any event, Yankah has not argued that a sua sponte dismissal was improper.

[2]  If Yankah was not a prisoner, however, this was a nullity. "[T]he exhaustion and three-strikes rules apply to prisoners only." *Kalinowski v. Bond*, 358 F.3d 978, 978 (7th Cir. 2004).

26, at 8 (E.D. Va. Feb. 7, 2020). The court also noted that it appeared from her other suits that Yankah was a fugitive from justice. *See Yankah v. Seward*, No. 2:18cv177, Dkt. 43, at 1–2 (E.D. Va. Jan. 29, 2020). The court entered judgment the same day.

Twenty-nine days later, Yankah moved to reconsider the dismissal, arguing that it was a "miscarriage of [j]ustice" because her suit addressed important legal questions and she had suffered irreparable harm. The district court, given the motion's timing, construed it as one under Federal Rule of Civil Procedure 60(b) for relief from a final judgment and denied it. *Cf.* FED. R. CIV. P. 59(e) (setting 28-day limit on motion to alter or amend judgment). The court stated that Yankah focused only on what she believed to be the substantive merits of her claims rather than arguing that any of the six reasons for granting a Rule 60(b) motion applied. Four days after this ruling, but almost two months after the judgment, Yankah appealed.

In a prior order, we limited the scope of Yankah's appeal to a review of the order denying her motion for reconsideration. Her notice of appeal was filed more than 30 days after the underlying judgment, and her intervening Rule 60(b) motion did not toll the time for appealing. *See* FED. R. APP. P. 4(a)(1)(A), 4(a)(4)(A)(vi). Yankah did not respond to our order for briefing on why her appeal should not be so limited.

Now on appeal, Yankah argues that the district court erroneously dismissed her case under the fugitive-disentitlement doctrine based on pending charges for failure to appear in two state criminal matters. She asserts that the doctrine, which allows a court to dismiss a case if a party seeking relief becomes a fugitive, does not apply to an unrelated civil suit in the Northern District of Illinois. But the district court did not mention the fugitive-disentitlement doctrine, let alone dismiss her second amended complaint on that ground. In any case, Yankah's argument challenges only the correctness of the underlying dismissal, which we may not review because her appeal is limited to the denial of the Rule 60(b) motion. *See Browder v. Dir., Dep't of Corr.*, 434 U.S. 257, 263 n.7 (1978); *see also Gleason v. Jansen*, 888 F.3d 847, 851–52 (7th Cir. 2018). A Rule 60(b) motion is not an alternative to appeal, else a litigant could extend the time to appeal beyond the limits expressed in the Rules. *See Banks v. Chicago Bd. of Educ.*, 750 F.3d 663, 667–68 (7th Cir. 2014). Here, Yankah does not argue that any ground for granting a Rule 60(b) motion—mistake, newly discovered evidence, fraud, void judgment, satisfied judgment, or "any other reason" justifying relief—applied. FED. R. CIV. P. 60(b)(1)–(6). So, the district court did not abuse its discretion in denying her motion. *See Banks*, 750 F.3d at 667–68.

AFFIRMED