Harold F. HAINS III, Plaintiff–Appellant,

v.

Odie WASHINGTON, et al.,
Defendants–Appellees.

No. 96–4122.

United States Court of Appeals,
Seventh Circuit.

Submitted Sept. 25, 1997*.

Decided Dec. 16, 1997.

Harold F. Hains, III (submitted), Joliet, IL, Plaintiff–Appellant pro se.

Before COFFEY, EASTERBROOK, and KANNE, Circuit Judges.

PER CURIAM.

This case involves a challenge to the "limited consent" procedure used in the Northern District of Illinois that permits a magistrate judge to screen prisoner complaints under 28 U.S.C. § 1915A, a new provision enacted as

---

* On May 19, 1997, this court granted the appellees' motion for an order of non-involvement due to lack of service in the district court. After an examination of the appellant's brief and the record, we have concluded that oral argument is unnecessary; accordingly, the appeal is submitted on the appellant's brief and the record. *See* Fed. R. App. P. 34(a); Cir. R. 34(f).

part of the Prison Litigation Reform Act, and to rule on motions to proceed in forma pauperis.

Until early last year, district judges in the Northern District of Illinois routinely referred prisoner civil rights cases to magistrate judges for a recommendation on whether the prisoner should be allowed to proceed under 28 U.S.C. § 1915, the in forma pauperis statute. As part of this referral, magistrate judges conducted "*Spears* hearings" on site at prison units to allow inmates to clarify and explain their claims. *See Eason v. Holt*, 73 F.3d 600, 602 (5th Cir.1996) (describing evidentiary hearings that were sanctioned in *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985)). Based on these hearings, the magistrate judge submitted a recommended disposition, to which the inmate could file objections. The district judge then considered these submissions in making a final ruling. 28 U.S.C. § 636(b)(1).

Since March 1996, however, the Northern District of Illinois has invited prisoners to sign "limited consent" forms to streamline the *Spears* hearing process. According to these forms, the prisoner "voluntarily consents" to a magistrate judge conducting "any and all further proceedings in the case, including the entry of judgment, as to plaintiff's motion for leave to file in forma pauperis."[1] The prisoner's consent is limited in that it allows the magistrate judge to rule on only the motion for leave to proceed in forma pauperis. In making this ruling, however, the magistrate judge also carries out certain gatekeeper tasks created by the PLRA. Section 1915A, the PLRA's new screening provision, requires the court to review before docketing, or shortly afterwards, civil complaints filed by prisoners against governmental officers or employees, and to dismiss any portion of the complaint that is "frivolous, malicious, ... fails to state a claim ... [,] or ... seeks monetary relief from a defendant who is immune from such relief." If the

magistrate judge does not dismiss the suit under § 1915A and allows the prisoner to proceed in forma pauperis, the action is returned to the district judge for further proceedings.

Harold Hains, an Illinois state prisoner, signed a limited consent permitting a magistrate judge to review his complaint brought under 42 U.S.C. § 1983 against prison officials whose library and legal assistance policies allegedly denied him access to the courts. He was then given a *Spears* hearing. At the hearing, Hains testified that prison officials had imposed restrictive borrowing privileges at the prison library, confiscated personal copies of other inmates' law books, and underpaid inmate law clerks. Hains, however, never identified any actual injury which he suffered that would allow him to maintain a claim of denial of access to the courts. *See Lewis v. Casey*, —— U.S. ——, ——–——, 116 S.Ct. 2174, 2179–80, 135 L.Ed.2d 606 (1996). Because the complaint did not state a claim upon which relief could be granted, the magistrate judge denied Hains' request to proceed in forma pauperis and dismissed the action under § 1915A.

■ On appeal, Hains argues that the magistrate judge exceeded her statutory authority by dismissing his complaint without allowing him the opportunity to file written objections for *de novo* review by the district court judge. Hains' limited consent, however, authorized a magistrate judge to conduct "any and all further proceedings," including entry of a final decision, relating to his motion for leave to file in forma pauperis. *See* 28 U.S.C. § 636(c); Fed.R.Civ.P. 73. By signing this consent, Hains relinquished his right to have an Article III judge rule upon his request to proceed in forma pauperis. Hains could have declined to give his limited consent, in which case he would have been entitled to a review of his claims by a district judge.[2]

---

1. The consent form is hardly a model of clarity. Although the form is supposed to limit the magistrate judge's involvement to in forma pauperis matters, its awkward syntax misleadingly suggests that the judge's authority may not be so circumscribed (the modifying phrase "as to plaintiff's motion for leave to file in forma pau-

peris," appearing ambiguously at the end of the sentence, does not clearly relate to the preceding clause describing the magistrate judge's ability to conduct "any and all proceedings in the case, including the entry of judgment").

2. Unlike the typical civil case in which all parties must consent on the record in order to execute a

■ Hains also challenges the magistrate judge's seemingly inconsistent rulings on his requests to proceed in forma pauperis in the district and appellate courts. The magistrate judge had denied Hains' request for in forma pauperis status in the district court, only to grant it without explanation on appeal. Hains now points to this unexplained turnabout as confirmation that his complaint must have merit and should not have been dismissed. Indeed, in one pre-PLRA decision, we cautioned that it is "presumptively erroneous and ... self contradictory" for a district court to grant leave to appeal in forma pauperis after dismissing a suit as frivolous. *Tolefree v. Cudahy*, 49 F.3d 1243, 1244 (7th Cir.1995) (applying former 28 U.S.C. § 1915(d)).

■ As a result of changes that the PLRA made to § 1915, the district court's only role now concerning requests to appeal in forma pauperis is to determine that the prisoner took an appeal in "good faith." 28 U.S.C. § 1915(a)(3); *Newlin v. Helman*, 123 F.3d 429, 433 (7th Cir.1997). Under the PLRA, it is at least theoretically possible that an appeal from a § 1915A dismissal (and accompanying denial of leave to proceed in forma pauperis in the district court) could be taken in "good faith." Section 1915A requires district courts to dismiss not only complaints that are frivolous or malicious, but also those that fail to state a claim on which relief may be granted or seek relief that is foreclosed by official immunity. Exceptional cases may arise in which a district court grants leave to appeal in forma pauperis to a plaintiff who appeals a close question under § 1915A in good faith. The principle of *Tolefree*—that the district court should identify such cases explicitly, with reasons—remains appropriate. Although we could remand this case so that the magistrate judge may state her reasons, we are of the opinion that this case has already consumed enough judicial resources to meet the test of a fair judicial review. The suit patently fails to state a claim, and the appeal from the dismissal is frivolous.

proper limited consent, *see, e.g., Brook, Weiner, Sered, Kreger & Weinberg v. Coreq, Inc.*, 53 F.3d 851 (7th Cir.1995); *Mark I, Inc. v. Gruber*, 38 F.3d 369 (7th Cir.1994), no consent from the defendant is needed for a *Spears* hearing, which takes place before process has been served. *See*

■ One final comment. A frivolous complaint (or as in this case a complaint that is dismissed under § 1915A for failure to state a claim) followed by a frivolous appeal leads to two "strikes" under 28 U.S.C. § 1915(g). *Newlin*, 123 F.3d at 433. Equally appropriate is that the filing of the complaint and the appeal yields two filing fees. The upshot is that district courts must apply the PLRA's fee assessment and collection mechanism when they dismiss under § 1915A. As we said in *Newlin*, the filing of a complaint (or appeal) is the act that creates the obligation to pay fees, and what the judge does later does not relieve a litigant of this responsibility. It would be absurd if the very weakest complaints—those summarily thrown out under § 1915A—were cost-free from the prisoner's perspective, while more substantial claims must be paid for. The district court must assess and collect in Hains' case, and we remand for that purpose. *See Newlin*, 123 F.3d at 434–36.

In conclusion, the district court's dismissal under § 1915A is affirmed; the district court must assess and collect the appropriate filing fees; and two strikes under § 1915(g) are recorded against Hains.

*Carney v. Houston*, 33 F.3d 893, 895 (8th Cir. 1994). This lack of service, however, also means that the defendant may be without notice of the decision in its favor and the prospect of an appeal. *See Hutchinson v. Spink*, 126 F.3d 895, 899–900 (7th Cir.1997).