**John A. FREEMAN, II, Plaintiff,**

v.

**Bill Lann LEE, et al., Defendants.**

**No. CIV.A. 97–2279(HHK).**

United States District Court,
District of Columbia.

Dec. 15, 1998.

John A. Freeman, II, Keen Mountain, VA, pro se.

Mark E. Nagle, AUSA, Daria J. Zane, AUSA, Office of the United States Attorney for the District of Columbia, Washington, DC, for Defendants.

## MEMORANDUM AND ORDER

KENNEDY, District Judge.

This matter is before the Court on the federal defendants' motion to reconsider the Court's order permitting the plaintiff, John A. Freeman, II, a prisoner proceeding *pro se*, to proceed *in forma pauperis*. The defendants contend that the Prison Litigation Reform Act, Pub.L. No. 104–134, 110 Stat. 1321 (1996) ("PLRA"), prohibits the plaintiff from proceeding *in forma pauperis* because previously he has filed four cases that have been dismissed for being frivolous, or malicious or for failing to state a claim. Because the defendants are plainly wrong, their motion must be denied.

### I

The PLRA at 28 U.S.C. § 1915(g) bars a prisoner from proceeding *in forma pauperis* in a civil action or on appeal of a judgment in a civil action if the prisoner

> has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Contending that on four prior occasions the plaintiff, while incarcerated, has suffered a dismissal as described in 28 U.S.C. § 1915(g) (" § 1915(g) dismissal" or "strike"), the defendants assert that the plaintiff should be precluded from proceeding *in forma pauperis* in this action. The federal defendants maintain that a § 1915(g) dismissal was entered against Mr. Freeman in *Freeman v. Skunda,* No. 760CL97C00282–00 (Cir. Ct. City of Richmond, April 7, 1997) and *Freeman v. Henceroth,* Civ. Action No. 96–00606 (E.D.Va. Sept. 24, 1996) and that two such dismissals were entered in *Freeman v. Rogers,* Civ. Action No. 95–00929 (E.D.Va. Jan. 29, 1997), *aff'd* 120 F.3d 261 (4th Cir.1997)

(table), 1997 WL 414296 (text). The Court disagrees.

■ The premise of the defendants' contention that the dismissal of Mr. Freeman's civil action in the Circuit Court of the City of Richmond action qualifies as a § 1915(g) dismissal is that a dismissal may qualify as a strike as long as it is entered in any court that is located within the United States. Consequently, the defendants maintain, the dismissal of Mr. Freeman's civil action in the Circuit Court of the City of Richmond action qualifies as a strike because it was entered "in a court of the United States." (Defts' Mot. To Reconsider )(emphasis supplied). The federal defendants' *ipse dixit* statement is frivolous and results from a clearly erroneous reading of § 1915(g).

Insofar as is relevant to the present discussion, the meaningful operative words in § 1915(g) are "court of the United States." [1] In 28 U.S.C. § 451, "court of the United States" is defined as " the Supreme Court of the United States, courts of appeals, district courts constituted by chapter 5 of this title . . . and any court created by Act of Congress. . . ." State and local courts do not fall within this definition. Consequently, the dismissal of Mr. Freeman's action in the Circuit Court of the City of Richmond, a state court, does not qualify as a strike.

■ There is another reason why the dismissal of Mr. Freeman's action in the Circuit Court of the City of Richmond does not count. The only dismissals that are encompassed by § 1915(g) are those that are based on a court's determination that the underlying action or appeal is "frivolous, malicious, or fails to state a claim upon which relief may be granted." In its order dismissing Mr. Freeman's action, the Circuit Court of the City of Richmond simply states that it does so "for the reasons stated in [the] Demurrer and Motion to Dismiss." It does not recite the ground upon which it is based. Therefore, the court does not know the basis of the

dismissal and is unaware of any principle that would permit the court to presume that the dismissal was on one of the grounds referenced in § 1915(g).

## II

■ The federal defendants also contend that a dismissal of Mr. Freeman's action by the United States District Court for the Eastern District of Virginia for failure to state a claim and the Fourth Circuit's affirmance of that dismissal constitute two strikes.[2] Citing *Hains v. Washington,* 131 F.3d 1248, 1250 (7th Cir.1997) and *Adepegba v. Hammons,* 103 F.3d 383, 388 (5th Cir. 1996), the federal defendants proclaim, "[c]ourts have held that an affirmance on appeal of a dismissal or a dismissal on appeal counts as a separate strike for purposes of the three strikes provision." Reply to Pl.'s Opp. to Fed. Defts. Mot. to Reconsider at 2. Neither of the two cases cited by the federal defendants support their position.

In *Hains* the Seventh Circuit stated "[a] frivolous complaint (or as in this case a complaint that is dismissed under § 1915A for failure to state a claim) followed by a frivolous appeal leads to two 'strikes' under 28 U.S.C. § 1915(g)." *Hains,* 131 F.3d at 1250 (emphasis supplied). In *Freeman v. Rogers, supra,* Mr. Freeman's action in the United States District Court for the Eastern District of Virginia was dismissed on the grounds that his complaint failed to state a claim upon which relief can be granted. He then appealed the District Court's order which was affirmed by the Fourth Circuit because the Fourth Circuit found "no reversible error." *Freeman v. Rogers,* 1997 WL 414296, at *1. These circumstances result in Mr. Freeman incurring a strike because his complaint was dismissed in the District Court for failure to state a claim. However, Mr. Freeman's unsuccessful appeal does not result in another strike because, unlike the *in forma pauperis* prisoner litigant in *Hains,* Mr. Freeman did

1. The court observes that in the defendants' reply to the plaintiff's opposition to their motion, the defendants have not persisted in arguing that the dismissal in the Circuit Court of the City of Richmond counts as a strike. They do no explicitly concede the point, however.

2. *Freeman v. Rogers,* Civ. Action No. 95–00929, E.D. Va. January 29, 1997, *aff'd,* 120 F.3d 261 (4th Cir.1997)(table).

not take an appeal that was found to be frivolous.[3]

*Adepegba* provides even less support for the defendants' position. The Fifth Circuit held in *Adepegba* that appellate affirmance, without more, of a district court's judgment dismissing an *informa pauperis* prisoner's complaint on a § 1915(g) ground, even a dismissal on the ground of "frivolousness," results in but one strike. With respect to a prior disposition on appeal affirming a district court's § 1915(g) dismissal on the ground of frivolousness, the Fifth Circuit explained,

> [W]e only addressed the merits below, not the merits of the appeal. Such a disposition merely states that the district court did not err in determining that the underlying action was frivolous. Therefore we find that the district court's [§ 1915(g) dismissal] counts, **but our affirmance, standing alone, does not.**

*Adepegba,* 103 F.3d at 387 (emphasis supplied).[4] In view of the fact that the Fourth Circuit merely affirmed the Eastern District's § 1915(g) dismissal of Mr. Freeman's action, its disposition does not count as a strike. And, since Mr. Freeman has only two strikes, he is not precluded from proceeding *in forma pauperis* in this case.

### III

For the foregoing reasons, it is this 14th day of December, 1998, hereby

**ORDERED** that the defendants' motion for reconsideration of the Court's Order of December 4, 1997, granting the plaintiff's

---

**3.** It should be obvious that not every unsuccessful appeal of a District Court's judgment dismissing a complaint because it fails to state a claim upon which relief can be granted is frivolous.

**4.** The defendants' statement in their motion that "[c]ourts have held that an affirmance on appeal of a dismissal or a dismissal on appeal counts as a separate strike for purposes of the three strikes provision" is not correct. This and other "misstatements" in the defendants' motion are troubling. The court expects better of any attorney and particularly of one employed by the United States Department of Justice.

**1.** The section of the Prison Litigation Reform Act relevant to this case is codified at 28 U.S.C. § 1915A, which provides in pertinent part:

application to proceed *in forma pauperis* [# 33] is DENIED.

### MEMORANDUM AND ORDER

This suit is styled as one brought as a "combination Civil Rights action, Tort Claim action, and Administrative Procedures action." Compl. at 1. In a prolix 20 page handwritten complaint, Plaintiff, a prisoner incarcerated in the State of Virginia, proceeding *pro se* and *in forma pauperis,* alleges, *inter alia,* that the defendants' failure to investigate his complaints of constitutional violations by corrections officers at the Virginia Department of Corrections resulted in his physical abuse, segregation and "human rights abuses."

■ Presently before the court is the federal defendants' "Motion for Screening for Dismissal." Upon consideration of the motion, the opposition thereto, and the record of this case, the court concludes that the motion should be denied because it is neither authorized by the Federal Rules of Civil Procedure nor the authority cited to support it.

■ The Prison Litigation Reform Act, Pub.L. No. 104–134, 110 Stat. 1321 (1996), requires United States District Courts to perform a "gate keeping" role.[1] This role is accomplished when, in accordance with 28 U.S.C. § 1915A(a), a complaint against a governmental defendant filed by a prisoner allowed to proceed *in forma pauper* is "screened" for the purpose of determining whether there are certain grounds for dismissal. This case, like all other *pro se* pris-

---

(a) Screening.—The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

(b) Grounds for dismissal.—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—

(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

(2) seeks monetary relief from a defendant who is immune from such relief.

oner cases filed in this Court containing an application to proceed *in forma pauperis*, was subject to the screening required by 28 U.S.C. § 1915A.[2] To the extent, then, that the defendants' "Motion for Screening for Dismissal" is filed for the purpose of bringing about a "screening" it should be denied because it is moot.

It is apparent, however, that it is not a "screening"which the defendants seek. Rather, citing 28 U.S.C. § 1915A as authority, they seek "[dismissal] sua sponte by the Court without full briefing by the parties." Defts' Mot. for Screen'g for Dismissal 1. The defendants' attempt to gain a *sua sponte* dismissal must be rebuffed for two reasons. First, a mere reading of 28 U.S.C. § 1915A dispels any notion that it provides a basis for governmental defendants to **seek** a dismissal or to otherwise play a role in the screening process. The text and the legislative history of 28 U.S.C. § 1915A clearly indicate that the drafters of this legislation contemplated that the screening required by § 1915A would be done—as has been done—without request by governmental defendants. Another reason for not entertaining the defendant's motion for "[dismissal] *sua sponte* by the Court" is because the motion is self contradictory and asks the court to do something that it literally can not do. *Sua sponte* is a latin term meaning "of his or its own will or motion; voluntarily; without prompting or suggestion." Black's Law Dictionary 1424 (6th ed.1990). Therefore, there is no way, logically, to act *sua sponte* at the behest of another.

The defendants' invocation of 28 U.S.C. § 1915(e) does not support or add weight to their argument for a "Screening for Dismissal." Section 1915(e)(2) merely states, in pertinent, part that "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid [by a prisoner litigant], the court shall dismiss the case at any time" if the court determines that there are certain grounds for dismissal, to wit, the same

grounds as are contained in 28 U.S.C. § 1915A(b). Section 1915(e) simply clarifies that at any time the court must dismiss a prisoner's case should it determine that there are certain grounds for doing so. Section 1915(e) neither states nor suggests that its provisions provide a basis for governmental defendants to **seek** a dismissal.

■ One might ask why it makes a difference to this court whether governmental defendants move to dismiss a case brought by a prisoner proceeding *in forma pauperis* under the Federal Rules of Civil Procedure or attempt to achieve the same result by filing a "Motion for Screening for Dismissal," purportedly under 28 U.S.C. § 1915A. It suffices to say that the rules are the rules and all litigants, including governmental defendants, must follow them. Governmental defendants simply should not be able to employ a procedure not authorized by lawmakers. More fundamentally, however, there is a vast imbalance of power and legal know how between prisoners proceeding *in forma pauperis* and governmental defendants who are invariably represented by lawyers. There is no reason to accentuate this imbalance even more by permitting government lawyers to achieve a secondary gain or tactical advantage by commandeering an illicit procedure.[3]

Accordingly, it is this 15th day of December, 1998, hereby,

**ORDERED** that defendants' motion captioned "Motion for Screening for Dismissal" is denied; and it is further

**ORDERED** that the plaintiff shall provide the full names and correct addresses of all defendants he is suing in their individual capacities by January 4,1999, or suffer dismissal without prejudice of those defendants from this action with respect to their alleged personal liability; and it is further

---

**2.** In calendar year 1997, of the 646 cases screened, 337 were dismissed *sua sponte* by the court.

**3.** One such secondary gain is that when a court dismisses a case after screening on the grounds that the complaint is "frivolous, malicious, or

fails to state a claim upon which relief may be granted," the prisoner incurs a "strike." If three civil actions filed by a prisoner are dismissed on one of these grounds, under 28 U.S.C. § 1915(g). the prisoner is prohibited, thereafter, from proceeding *in forma pauperis*.

**ORDERED** that the defendants are granted until January 28, 1999, to file a dispositive motion as to plaintiff's amended complaint.