Claxton H. WILLIAMS, Jr.,
Plaintiff–Appellant,

v.

CENTERS FOR DISEASE CONTROL
AND PREVENTION, Defendant–
Appellee.

No. 02–3683.

United States Court of Appeals,
Seventh Circuit.

Submitted Feb. 20, 2004.*

Decided Feb. 20, 2004.

Claxton Williams, #N–62439, Menard
Correctional Center, Menard, IL, pro se.

Daniel M. Tardiff, Office of The United
States Attorney, Chicago, IL, for Defen-
dant–Appellee.

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Before HBAUER, COFFEY, and ROVNER, Circuit Judges.

## ORDER

Illinois inmate Claxton Williams sued the Centers for Disease Control and Prevention ("CDC") under the Federal Tort Claims Act, 28 U.S.C. § 2679, alleging that the CDC had failed to properly treat him during a study of a hepatitis outbreak at his prison. The district court dismissed Williams's claim sua sponte under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim. We affirm.

According to Williams's complaint, the allegations of which we accept as true, *Knauer v. Jonathon Roberts Fin. Group, Inc.,* 348 F.3d 230, 231 (7th Cir.2003), the CDC undertook a five-year "blind study" of the prevalence and transmission rates of HIV and hepatitis among Illinois prisoners. Beginning in 1986, Williams alleges, the CDC analyzed blood samples drawn from prisoners by the Illinois Department of Corrections. Williams, who says he has hepatitis A, B, and C, alleges in only general terms that the CDC made no effort to isolate or treat infected prisoners during the course of the study. The CDC was "negligent" in conducting the study, he alleges, because it "failed to properly design the research to explore the full scope of [the research's] potential and inevitable danger" and "failed to warn the forced human subjects" that they might have hepatitis. He also alleges that the CDC intentionally inflicted emotional distress on him by conducting the study, which he characterized as a planned "genocide" of urban African–American and Latino communities.

In dismissing Williams's complaint for failure to state a claim, the court explained that the facts alleged by Williams did not show that the CDC had caused his infection or that it had any obligation to treat prisoners such as Williams. The court noted further that the FTCA has a "discretionary function" exception, which shielded the CDC from liability for its decisions about how it structured the study and disseminated results. Finally, the district court stated that Williams's allegations of a genocidal plot against African–Americans were "irrational" or "wholly incredible." The court denied Williams's subsequent motion to reconsider, which it construed under Federal Rule of Civil Procedure 60(b).

On appeal, Williams disputes the district court's conclusion that his allegations did not state a claim under the FTCA. He contends that the CDC had an "existing legal duty" to "ensure that [the] experiment would benefit" him, and that the CDC negligently breached this duty by failing to isolate prisoners who tested positive for hepatitis.

■ The FTCA allows suits against the United States by those who are injured by the negligent acts or omissions of any employee of the government acting within the scope of official duties. 28 U.S.C. § 1346(b); *LM ex rel. KM v. United States,* 344 F.3d 695, 698 (7th Cir.2003). For an act or omission to be the basis of a suit under the FTCA, it must constitute negligence under the law of the state in which it occurred. *LM,* 344 F.3d at 700. In Illinois, the relevant state here, a plaintiff suing for negligence must allege that the defendant breached a duty of care owed to him and caused him harm. *Chandler v. Ill. Cent. R.R. Co.,* 207 Ill.2d 331, 278 Ill.Dec. 340, 798 N.E.2d 724, 728 (2003). However, the FTCA immunizes federal agencies from suit based on any acts or omissions that involve the exercise of their "discretionary judgment." 28 U.S.C. § 2680; *Stockberger v. United States,* 332 F.3d 479, 480 (7th Cir.2003).

The CDC's alleged actions here cannot be the basis of liability under the FTCA. Because Williams did not allege that the CDC caused his infection, the agency owed him no duty whatsoever under tort law. *See Rhodes v. Ill. Cent. Gulf R.R.*, 172 Ill.2d 213, 216 Ill.Dec. 703, 665 N.E.2d 1260, 1270 (1996) (defendant has no duty to alleviate injury he did not cause). Moreover, the agency has broad discretion to determine the manner in which it will conduct research. 42 U.S.C. § 241. Therefore, the "discretionary function exception" to the FTCA protects the CDC's day-to-day operation of the prison study from "judicial second-guessing." *See Grammatico v. United States*, 109 F.3d 1198, 1200–01 (7th Cir.1997); *Begay v. United States*, 768 F.2d 1059, 1065–66 (9th Cir.1985) (decision of U.S. Public Health Service not to warn plaintiffs of radiation dangers they were exposed to while working in uranium mines was within ambit of discretionary function exception). Williams has not alleged any facts that support the CDC's liability.

Williams also challenges the timing of the district court's dismissal, arguing that the court denied him due process by dismissing his case before issuing a summons and requiring the defendants to respond. However, district courts are not only permitted but *required* to dismiss prisoner complaints that fail to state a claim "as soon as practicable," even before summons has issued. 28 U.S.C. § 1915A; *Rowe v. Shake*, 196 F.3d 778, 781 (7th Cir.1999). The district court's timing was appropriate.

Finally, because there was no legal basis for bringing this appeal, we deem it frivolous. *Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir.2000). This appeal, therefore, constitutes Williams's second strike under 28 U.S.C. § 1915(g). *Hains v. Washington*, 131 F.3d 1248, 1249 (7th Cir.1997). If he files another suit or appeal that is dismissed as frivolous, malicious, or for failure to state a claim, he will be barred (with certain exceptions) from filing future suits *in forma pauperis.* *See* 28 U.S.C. § 1915(g).

AFFIRMED.