**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted July 15, 2005[*]
Decided July 15, 2005

**Before**

Hon. JOHN L. COFFEY, *Circuit Judge*

Hon. DANIEL A. MANION, *Circuit Judge*

Hon. MICHAEL S. KANNE, *Circuit Judge*

No. 04-1855

| | |
|---|---|
| ROBERT K. RYMER, *Plaintiff-Appellant,* | Appeal from the United States District Court for the Eastern District of Wisconsin |
| v. | No. 03-C-761 |
| DOUGLAS M. FYFE et al., *Defendants-Appellees.* | J.P. Stadtmueller, *Judge.* |

**O R D E R**

Robert Rymer, imprisoned at Waupun Correctional Institution for the attempted homicide of his then-wife and the first degree homicide of her one-year-old son, filed a complaint challenging the division of property incident to his divorce. He used a form complaint often used by prisoners in civil rights actions under 42 U.S.C. § 1983 and alleged that various defendants, all involved in the divorce proceedings, had violated the law by wrongfully "taking" certain property

---

[*]Because there are no appellees or attorneys to be served in this appeal, the appeal has been submitted without the filing of a brief by the appellees. After an examination of the appellant's brief and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the appellant's brief and the record. *See* Fed. R. App. P. 34(a)(2).

including his house and retirement benefits. The complaint mentioned not only "due process" and "takings," but also violations of RICO, ERISA, The Homestead Act, the Wisconsin Constitution, and unspecified "Wisconsin State Statutes." The district court screened the case under 28 U.S.C. § 1915A and noted that the complaint did not reflect whether any of the named defendants were government officials and therefore failed to state a claim under § 1983. However, instead of immediately dismissing the complaint, the court allowed Rymer 30 days to "clarify his intentions," either by amending his complaint or informing the court in writing that he did not wish to prosecute a § 1983 action. Rymer did neither and instead wrote the court requesting an additional 60 days to "research and amend the initial complaint or decide to allow it to be dismissed." The district court dismissed the complaint for failure to state a claim, and Rymer appeals.

Rymer's appellate brief is so deficient that we have no choice but to dismiss the appeal under Federal Rule of Appellate Procedure 28(a)(9). A brief "must contain an argument consisting of more than a generalized assertion of error, with citations to supporting authority." *Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001). Even pro se litigants must submit briefs from which we can "discern cogent arguments." *Id.* But Rymer simply lists cases in the Winnebago County courts that resulted in the "taking" of his assets and levels unsubstantiated charges of wrongdoing against those involved in the proceedings. He does not assert any error on the part of the district court, let alone contest the district court's conclusion that he did not state a claim upon which relief could be granted. Indeed, he makes no argument at all. The appeal is hereby DISMISSED, and Rymer has earned a strike for purposes of 28 U.S.C. § 1915(g) for filing this frivolous appeal. *See Hains v. Washington*, 131 F.3d 1248 (7th Cir. 1997).