**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted July 19, 2006[*]
Decided July 20, 2006

**Before**

Hon. WILLIAM J. BAUER, *Circuit Judge*

Hon. JOHN L. COFFEY, *Circuit Judge*

Hon. FRANK H. EASTERBROOK, *Circuit Judge*

No. 05-2674

| | |
|---|---|
| FABIAN SANTIAGO,<br>*Plaintiff-Appellant,* | Appeal from the United States District<br>Court for the Southern District of Illinois |
| *v.* | No. 02-CV-784-JPG |
| JONATHAN R. WALLS, et al.,<br>*Defendants-Appellees.* | J. Phil Gilbert,<br>*Judge.* |

## O R D E R

Illinois inmate Fabian Santiago brought a damages action under 42 U.S.C. § 1983 claiming that the warden and several guards at the Menard Correctional Center violated his rights under the Eighth Amendment by subjecting him to excessive force, denying him medical care, and failing to protect him from another inmate. His complaint, filed in July 2002, essentially alleges that several weeks earlier the defendant guards had twisted his arm while breaking up a fight between

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

him and another inmate, failed to secure medical care for the "cuts, bruises, and swelling" he suffered during the fight, and did nothing after the fight to protect him from the other inmate. In June 2003, with his suit against the Menard defendants still pending, Santiago was transferred to the Pontiac Correctional Center. Twice after the transfer he tried unsuccessfully to amend his suit to add several Pontiac guards as defendants, and then in May 2004 he moved for "an order of restraint/protection and preliminary injunctive relief" that would require the Illinois Department of Corrections to house him in a private cell and cease any "further retribution" against him. Santiago explained that at Pontiac he had been assaulted by guards who were "personal friends" of a Menard guard (who is not a defendant), and that he feared the Pontiac guards might try to harm him further by housing him with dangerous inmates. A magistrate judge recommended that Santiago's motion be denied, and while awaiting a final ruling from the district court, Santiago was transferred again, this time to the Stateville Correctional Center. In December 2004 the district court adopted the magistrate judge's recommendation and denied Santiago's motion, and he appeals that decision under 28 U.S.C. § 1292(a)(1). Our review is deferential, and we will reverse the district court only if it abused its discretion. *See Dupuy v. Samuels*, 397 F.3d 493, 502-03 (7th Cir. 2005); *Ty, Inc. v. Jones Group, Inc.,* 237 F.3d 891, 896 (7th Cir. 2001).

Santiago's appeal is frivolous. His motion, which speculates about guards at Pontiac, was moot before it was even denied because by then he had been transferred to Stateville, where he still remains. *See Lehn v. Holmes*, 364 F.3d 862, 871 (7th Cir. 2004) ("[W]hen a prisoner who seeks injunctive relief for a condition specific to a particular prison is transferred out of that prison, the need for relief . . . become[s] moot."); *Higgason v. Farley*, 83 F.3d 862, 871 (7th Cir. 1996) (same). Even if this were not the case, the motion concerned Pontiac guards who were neither defendants in the action nor alleged to be under the control of the Menard defendants. *See* Fed. R. Civ. P. 65(d) (injunctions and restraining orders bind only "the parties to the action, their officers or agents, servants, employees, and attorneys, and . . . those persons in active concert or participation with them"); *United States v. Kirschenbaum*, 156 F.3d 784, 794 (7th Cir. 1998) (explaining that district court may not enjoin non-parties except as provided in Rule 65(d)).[1] Moreover, in suits involving prison conditions a district court must narrowly tailor any prospective relief or injunction to what is necessary to correct a specific harm using the least-intrusive means. *See* 18 U.S.C. § 3626(a)(1), (2); *Jones-El v. Berge*, 374 F.3d 541, 545 (7th Cir. 2004). The relief Santiago sought—an injunction giving

---

[1] Santiago has since commenced two more § 1983 suits, one against staff at Pontiac, *see Santiago v. Childers*, No. 3:05-cv-512 (S.D. Ill. filed July 25, 2005), and the other against staff at Stateville, *see Santiago v. Battaglia*, No. 1:05-cv-5874 (N.D. Ill. filed Oct. 12, 2005).

him private accommodations and requiring the prison system at large to cease all future retribution—far exceeded this limitation.

Accordingly, the order denying Santiago's motion is AFFIRMED. Our decision here counts as one of his allotted strikes under 28 U.S.C. § 1915(g). *See Hains v. Washington*, 131 F.3d 1248, 1250 (7th Cir. 1997).