NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 22, 2009[*]
Decided December 23, 2009

**Before**

DANIEL A. MANION, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 09-1646

| | |
|---|---|
| AARON D. PINKSTON-EL-BEY, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Southern District of Illinois. |
| | |
| *v.* | No. 08-cv-111-GPM |
| | |
| STATE OF ILLINOIS, et al., | G. Patrick Murphy, |
| *Defendants-Appellees.* | *Judge.* |

**O R D E R**

Aaron Pinkston-El-Bey is an Illinois prisoner. He is also a member of the Washitaw Nation of Muurs, which his complaint explains are a people indigenous to North America, yet descended from the Moors of North Africa, who practice a unique form of Islam. After prison officials shaved off his dreadlocks, which he wears for religious reasons, he filed a sprawling suit under 42 U.S.C. § 1983 against the governor of Illinois, the director of the Illinois Department of Corrections, and the wardens and chaplains of multiple Illinois prisons. Pinkston-El-Bey complained that these state officials had conspired to deprive him

---

[*]The defendants-appellees were not served with process in the district court and are not participating in this appeal. After examining the plaintiff-appellant's brief and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the plaintiff-appellant's brief and the record. *See* FED. R. APP. P. 34(a)(2).

and all other Washitaw Muurs in the Illinois prison system of rights guaranteed by the First Amendment's Free Exercise Clause and the Fourteenth Amendment's Equal Protection Clause. The district court dismissed the suit on preliminary review for failure to state a claim. *See* 28 U.S.C. § 1915A(b)(1).

Pinkston-El-Bey insists that his complaint outlines the alleged constitutional violations and implicates the defendants; that is all he must do, he argues. We disagree. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' " *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Instead, a complaint must allege facts that allow a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949; *see also Cooney v. Rossiter*, 583 F.3d 967, 971 (7th Cir. 2009). Yet Pinkston-El-Bey's complaint alleges no facts that plausibly suggest he is entitled to relief; his sweeping allegations of unconstitutional conspiracies hatched among a broad swath of Illinois officials are too vague to state a claim.

Pinkston-El-Bey also argues that before dismissing his suit, the district court should have allowed him to move for class certification or at least to amend his complaint. But § 1915A does not require the district court to be so accommodating. No motion for class certification was pending. And the district court had already allowed Pinkston-El-Bey an opportunity to amend his original complaint, this putative class action being the result.

Pinkston-El-Bey's complaint and appeal are both frivolous, so he has accumulated two strikes. *See* 28 U.S.C. § 1915(g); *Hains v. Washington*, 131 F.3d 1248, 1250 (7th Cir. 1997).

AFFIRMED.