> NONPRECEDENTIAL DISPOSITION
> To be cited only in accordance with
> Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted September 19, 2012[*]
Decided September 26, 2012

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 12-2179

| | |
|---|---|
| JOHN BRADY,<br>    *Plaintiff-Appellant,*<br><br>    *v.*<br><br>STEVEN ALDRIDGE and<br>LOUIS SHICKER,<br>    *Defendants-Appellees.* | Appeal from the United States District<br>Court for the Southern District of Illinois.<br><br>No. 11-cv-525-JPG<br><br>J. Phil Gilbert,<br>*Judge.* |

**O R D E R**

John Brady, an Illinois prisoner, appeals the dismissal of his complaint under 42 U.S.C. § 1983, alleging that prison officials violated the Eighth Amendment by administering deficient dental care. We affirm.

In his complaint, Brady claimed that Steven Aldridge, a prison dentist, had attempted to extract a decayed tooth without ordering up-to-date x-rays or conducting an

---

[*]Appellees were not served with process in the district court, and have not filed briefs or otherwise participated in this appeal. After examining appellant's brief and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

"adequate" examination. According to Brady, Aldridge discovered upon removing the tooth's crown that its root was fused to his jawbone and could be removed only with surgery. Aldridge left the root of the tooth exposed, Brady alleged, and told him that the surgery would be performed at a later date. In the meantime Brady's tooth hurt and he had difficulty eating (Brady doesn't say how long he had to wait for surgery). Brady also placed responsibility on Louis Shicker, the medical director for the Illinois Department of Corrections, for the allegedly inadequate dental care, because of his oversight of prison medical policies.

The district court screened Brady's complaint, *see* 28 U.S.C. § 1915A, and dismissed it for failing to state a claim. The court concluded that Brady's claim against Aldridge may have constituted negligence, but it did not amount to deliberate indifference. The court also noted that Brady did not allege that Shicker was personally responsible for his dental care and could not be held liable under a theory of *respondeat superior*.

On appeal, Brady maintains that he sufficiently stated a deliberate-indifference claim against Aldridge by alleging that cost savings rather than professional judgment motivated the doctor's attempt to extract his tooth without the benefit of new x-rays or a thorough examination. But to state a claim of deliberate indifference, a prisoner must allege that a prison official recklessly or intentionally disregarded a substantial risk of serious harm. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *McGowan v. Hulick*, 612 F.3d 636, 641 (7th Cir. 2010). Though his dental problem is a serious medical condition, *see Berry v. Peterman*, 604 F.3d 435, 440 (7th Cir. 2010); *Board v. Farnham*, 394 F.3d 469, 480 (7th Cir. 2005), he did not plausibly allege that Aldridge recklessly or intentionally harmed him. His allegations about the absence of new x-rays or a thorough examination reflect merely a disagreement with Aldridge's professional judgment and did not state a claim for deliberate indifference. *See Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005); *Ciarpaglini v. Saini*, 352 F.3d 328, 331 (7th Cir. 2003). We add that the district court properly dismissed Brady's claim against Shicker because the doctrine of *respondeat superior* does not apply to § 1983 suits and Brady did not allege that Shicker was personally responsible for his dental care. *See Knight v. Wiseman*, 590 F.3d 458, 462–63 (7th Cir. 2009); *Johnson v. Snyder*, 444 F.3d 579, 583 (7th Cir. 2006).

Brady incurred one "strike" for filing his complaint and incurs another for this appeal. *See* 28 U.S.C. § 1915(g); *Hains v. Washington*, 131 F.3d 1248, 1250 (7th Cir. 1997).

AFFIRMED.