NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 15, 2013[*]
Decided April 15, 2013

**Before**

JOEL M. FLAUM, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 12-3047

| | |
|---|---|
| GREGORY MUSE, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Southern District of Illinois. |
| | |
| *v.* | No. 12-787-GPM |
| | |
| MEARL J. JUSTUS, et al., | G. Patrick Murphy, |
| *Defendants-Appellees.* | *Judge.* |

**O R D E R**

Gregory Muse, formerly a pretrial detainee at the St. Clair County Jail, appeals from the dismissal of his suit under 42 U.S.C. § 1983 alleging that a prison doctor and the county sheriff were deliberately indifferent toward a rash he developed. Because his complaint failed to state a claim, we affirm.

---

[*] The appellees were not served in district court and are therefore not participating in this appeal. After examining the appellant's brief and the record, we have concluded that the case is appropriate for summary disposition. *See* FED. R. APP. P. 34(a)(2)(C).

In his complaint Muse alleged that, shortly after being jailed for first-degree murder (of which he was later convicted), he developed a severe rash in his groin and backside. The rash, he said, was painful and in places developed into sores. He believed that the rash stemmed from the "filthy" condition of the jail cells, showers, and eating facilities, which the county sheriff, Mearl Justus (who died during the pendency of this appeal) allowed to persist. Muse alleged that he reported the rash to the jail's doctor, a Dr. Shaw, who took a sample of his blood and prescribed a cream and antibiotic pills, but these remedies proved ineffective. Muse's rash lasted two months.

The district court dismissed his complaint at screening. 28 U.S.C. § 1915A. The court acknowledged that Muse's skin condition "arguably" constituted a serious medical need, but concluded that Muse did not allege that the defendants failed to take appropriate steps to mitigate a known risk of substantial harm. As for the claim against Justus, the court concluded that Muse failed to allege his personal involvement, and he could not be vicariously liable under § 1983.

On appeal Muse challenges only the dismissal of his claim against Dr. Shaw and now asserts for the first time that the doctor provided him with no treatment whatsoever. We agree with the district court, however, that dismissal was warranted.[1] First, we will disregard Muse's blanket assertion in his appellate brief that Dr. Shaw did not treat him at all because this contradicts the allegations in his complaint that he was treated with cream and an antibiotic. *See Flying J Inc. v. City of New Haven*, 549 F.3d 538, 542 n.1 (7th Cir. 2008). Second, to the extent that Muse asserts that Dr. Shaw bears responsibility for providing ineffective treatment, that is not deliberate indifference. The mere fact that Dr. Shaw prescribed a treatment that proved ineffective does not state a claim. *See Duckworth v. Ahmad*, 532 F.3d 675, 680 (7th Cir. 2008).

Muse incurred one "strike" for filing his complaint and incurs another for this appeal. *See* 28 U.S.C. § 1915(g); *Hains v. Washington*, 131 F.3d 1248, 1250 (7th Cir.1997).

AFFIRMED.

---

[1] The court properly noted that deliberate-indifference claims of pretrial detainees are analyzed under the Fourteenth rather than the Eighth Amendment. *See Rice v. Corr. Med. Servs.*, 675 F.3d 650, 664 (7th Cir. 2012).