NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 21, 2014[*]
Decided February 21, 2014

**Before**

RICHARD D. CUDAHY, *Circuit Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 13-1095

| | |
|---|---|
| AUDIE C. MURPHY, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Northern District of |
| | Illinois, Eastern Division. |
| *v.* | |
| | No. 12 C 7621 |
| MARCUS HARDY, et al., | |
| *Defendants-Appellees.* | Amy J. St. Eve, |
| | *Judge.* |

**O R D E R**

---

[*]The appellees were not served with process in the district court and are not participating in this appeal. After examining the appellant's brief and the record, we have concluded that this case is appropriate for summary disposition. Thus, the appeal is submitted on the appellant's brief and the record. *See* FED. R. APP. P. 34(a)(2)(C).

Audie Murphy, an Illinois prisoner, sued officers at four different prisons under 42 U.S.C. § 1983, challenging the constitutionality of restrictions on his ability to visit with LaVerne Huggins, an unincarcerated individual. The district court screened his complaint under 28 U.S.C. § 1915A and dismissed it for failure to state a claim. Murphy's submission on appeal fails to specify any error on the district court's part, and instead repeats the same narrative set forth in the complaint. We grant leeway to uncounseled appellants and do our best to discern the legal basis for their arguments, but an appellant must present some reason to disturb a district court's decision. *See* FED. R. APP. P. 28(a)(8); *Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001). Because Murphy does not contend that the district court in any way misconstrued his complaint or otherwise erred in its analysis, this appeal is DISMISSED for lack of an adequate brief. Murphy incurred a "strike" under 28 U.S.C. § 1915(g) for filing a complaint that failed to state a claim. He now has incurred a second for filing this appeal. *See Hains v. Washington*, 131 F.3d 1248, 1250 (7th Cir. 1997).