NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604

Submitted February 21, 2014[*]
Decided February 21, 2014

**Before**

RICHARD D. CUDAHY, *Circuit Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 13-1884

| | |
|---|---|
| MATTHEW H. WOJTASZEK, *Plaintiff-Appellant,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 13 C 1687 |
| THOMAS DART, et al., *Defendants-Appellees.* | Matthew F. Kennelly, *Judge.* |

**O R D E R**

Matthew Wojtaszek brought this suit under 42 U.S.C. § 1983, claiming that jail officials were deliberately indifferent to his complaints about the prison's infrequent

---

[*]The appellees were not served with process in the district court and are not participating in this appeal. After examining the appellant's brief and the record, we have concluded that the case is appropriate for summary disposition. Thus, the appeal is submitted on the appellant's brief and the record. *See* FED. R. APP. P. 34(a)(2)(C).

laundry service. The district court dismissed the complaint at screening. *See* 28 U.S.C. § 1915(e)(2). We affirm.

Wojtaszek alleged that while he was a pretrial detainee at Cook County Jail, his bedding was exchanged only one or two times per month, laundry service was available even less so, and he once went seven weeks without laundry service for his uniform (and was not allowed to wash it himself). In dismissing the complaint for failure to state a claim, the district court concluded that the laundry service Wojtaszek described was not objectively serious because it did not deny him the "minimal civilized measures of life's necessities."

On appeal Wojtaszek asserts that the district court wrongly dismissed his complaint because the prison's limited laundry service creates an unconstitutional condition of confinement. But as the district court explained, infrequent laundry service alone is not an objectively serious condition that violates the constitution. *See Martin v. Tyson*, 845 F.2d 1451, 1457 (7th Cir. 1988) (lack of pillow and cleaning supplies, and infrequent laundry services not unconstitutional); *Gates v. Cook*, 376 F.3d 323, 342 (5th Cir. 2004).

Wojtaszek incurred one "strike" for filing his complaint and incurs another for this appeal. *See* 28 U.S.C. § 1915(g); *Hains v. Washington*, 131 F.3d 1248, 1250 (7th Cir. 1997).

                                                                  AFFIRMED.