NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 21, 2014[*]
Decided May 21, 2014

**Before**

RICHARD A. POSNER, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

No. 13-2620

| | |
|---|---|
| RICKEY N. SWIFT, *Plaintiff–Appellant*, | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *v.* | No. 12-CV-311 |
| NASTASSIA SWIFT, *et al.*, *Defendants–Appellees*. | Lynn Adelman, *Judge*. |

**O R D E R**

Rickey Swift, a Wisconsin inmate, appeals the dismissal of his suit under 42

---

[*] The defendants were not served with process in the district court and are not participating in this appeal. After examining the appellant's brief and the record, we have concluded that the case is appropriate for summary disposition. Thus, the appeal is submitted on the appellant's brief and the record. *See* FED. R. APP. P. 34(a)(2)(C).

U.S.C. § 1983, asserting that his niece fabricated sexual-assault allegations against him, gave false and conflicting statements to Milwaukee police officers about the assault, and conspired with a litany of individuals connected to Wisconsin's criminal-justice system to violate his constitutional rights. We affirm.

As set forth in his complaint, the allegations of which we accept as true for current purposes, *Smith v. Knox County Jail*, 666 F.3d 1037, 1039 (7th Cir. 2012), Swift refused a request for $500 by his niece, Nastassia Swift, who then assaulted and falsely accused him of trying to rape her. He sued Nastassia and many public officials, who he said failed in some way to perform their professional duties: Milwaukee police officers, who should have known that she was lying about her claim yet failed to perform forensic tests or investigate the allegations; district attorneys and public defenders who knew that the allegations were false yet proceeded with the bogus prosecution; a Milwaukee circuit judge and court commissioners who mishandled the case; his probation officer who wrongly revoked his supervision based on Nastassia's lies; and a judicial commissioner who improperly refused to admonish the state judge presiding over Swift's criminal trial for second-degree sexual assault. (Swift was acquitted but remains in jail for violating the conditions of his supervision from an earlier conviction.)

The district court screened Swift's complaint under 28 U.S.C. § 1915A(a) and dismissed each defendant, ruling that Swift failed to state any cognizable claim. Swift's niece, the court ruled, was a private citizen not subject to suit under § 1983; her statements gave the officers probable cause to arrest him. The district attorneys, court commissioners, and judge were immune from suit for actions performed in their official capacities. The public defenders were not state actors and could not be sued under § 1983 for performing their professional duties in representing Swift. The claims against the probation officers were barred under *Heck v. Humphrey*, 512 U.S. 477 (1994), because he had yet to challenge successfully the conditions of his probation. And Swift failed to state a claim against the Wisconsin judicial commissioner, who refused to reject a criminal complaint that properly was sworn, filed, and provided probable cause to believe that Swift committed a crime. But the court also determined that Swift might be able to state a claim for denial of access to the courts by alleging that the local clerk of court and one of his employees conspired to refuse to file Swift's petition for habeas corpus; the court thus allowed Swift to amend his complaint to substantiate this claim.

Swift amended his complaint by restating much of his original complaint, but he added allegations of conspiracy against Nastassia and every other defendant, insisting that all of them were plotting to deprive him of his constitutional rights through the

false sexual-assault prosecution. The district court dismissed the complaint for failure to state a claim. After reaffirming its earlier ruling that Swift did not state a claim against the various police and probation officers, the court determined that the existence of probable cause negated any conspiracy implicating Nastassia. As for Swift's access-to-courts claim, the court concluded that Swift's acknowledgment of having filed a "state habeas corpus" against his probation officer—one denied by both the state trial court and appellate court—undercut any claim that he had been denied an opportunity to petition the courts for habeas corpus.

Swift on appeal asserts that the district court incorrectly dismissed his complaint and denied him an opportunity to be heard on the merits of his claims. For the same reasons provided by the district court, we affirm. *See Spencer v. Kemna*, 523 U.S. 1, 17 (1998) (claim against probation revocation barred under *Heck* unless plaintiff successfully establishes invalidity of revocation); *Polk County v. Dodson*, 454 U.S. 312, 325 (1981) (public defenders acting as counsel do not act "under color of state law" and cannot be sued under § 1983); *Imbler v. Pachtman*, 424 U.S. 409, 427 (1976) (district attorneys immune from suits based on prosecutorial actions); *Ortiz v. Downey*, 561 F.3d 664, 671 (7th Cir. 2009) (claim of denial of access to courts must allege that action of state official cost plaintiff a meaningful legal claim or defense); *Reynolds v. Jamison*, 488 F.3d 756, 765–66 (7th Cir. 2007) (probable cause to arrest renders police officers immune from suit); *Loubser v. Thacker*, 440 F.3d 439, 442 (7th Cir. 2006) (state judges immune from suit based on judicial actions); *Proffitt v. Ridgway*, 279 F.3d 503, 507 (7th Cir. 2002) (§ 1983 claim against private citizen must allege that she conspired with state actor to deprive plaintiff of constitutional right); *Creshaw v. Baynerd*, 180 F.3d 866, 868 (7th Cir. 1999) (court commissioners, who "perform limited judicial and quasi-judicial functions," also immune).

We also DENY Swift's motion for reconsideration of our order of December 20, 2013, denying his motion for recruitment of counsel. Swift has incurred a second strike for filing this frivolous appeal. *See* 28 U.S.C. § 1915(g); *Hains v. Washington*, 131 F.3d 1248, 1250 (7th Cir. 1997).

AFFIRMED.