NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 21, 2017*
Decided February 22, 2017

**Before**

DIANE P. WOOD, *Chief Judge*

RICHARD A. POSNER, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 16-1622

| | |
|---|---|
| ENNIS LEE BROWN, | Appeal from the United States District |
|     *Plaintiff-Appellant*, | Court for the Eastern District of Wisconsin. |
| | |
|     *v.* | No. 15-cv-509-pp |
| | |
| MICHAEL J. HICKS, et al., | Pamela Pepper, |
|     *Defendants-Appellees*. | *Judge.* |

**O R D E R**

Ennis Brown, a Wisconsin prisoner, appeals the dismissal of his lawsuit under 42 U.S.C. § 1983 alleging violations of his rights to counsel, speedy trial, due process, and protection against cruel and unusual punishment. He sued his appointed attorney, the Wisconsin State Public Defender's Office, the district attorney who prosecuted him, the clerk of the Milwaukee County Circuit Court, and the Wisconsin Office of Lawyer Regulation. We affirm.

---

* The defendants were not served with process in the district court and are not participating in this appeal. We have agreed to decide the case without oral argument because the appeal is frivolous. FED. R. APP. P. 34(a)(2)(A).

Brown was arrested in 2012 and charged with sexually abusing his children. Michael J. Hicks, a contract attorney for the public defender's office, was appointed to represent Brown. Over the following months their relationship deteriorated and the trial court allowed Hicks to withdraw after a hearing during which Brown engaged in a prolonged profane, out-of-control verbal attack on the judge, spit at Hicks, and was finally restrained by 10 to 12 deputies. *See Wisconsin v. Brown*, No. 2015AP522-CR, 2015 WL 5919165 at *2–*3 (Wisc. Ct. App. Oct. 9, 2015). During the time that Hicks represented Brown, his law license was suspended on two occasions, first for almost three weeks and then for a month. The trial court appointed another attorney, who also was allowed to withdraw after Brown refused to cooperate with him. Brown was appointed a third attorney, but he asked to represent himself because, he told the court, he believed that his attorneys were conspiring to intimidate him. *See id.* at *4. The court held a competency hearing, after which it permitted Brown to proceed pro se, assisted by a new attorney serving as standby counsel. But at trial Brown made multiple outbursts that led the court to conclude he had forfeited his right to represent himself. Brown subsequently was removed from the courtroom, and standby counsel conducted the remainder of the trial. *Id.* at *8. A jury found Brown guilty of 33 felony counts.

Since then, Brown has attacked the constitutionality of his conviction through multiple appeals and lawsuits. First, the Wisconsin Court of Appeals affirmed Brown's conviction on direct appeal; the court concluded that Brown's right to a speedy trial was not violated by Hicks's license suspensions because those delays were not attributable to the State. *Id.* at *8, *10–13. Brown then petitioned for a writ of habeas corpus, *see* 28 U.S.C. § 2254, asserting, among other things, claims of prosecutorial misconduct, violations of his speedy-trial and due-process rights, illegal arrest, and ineffective assistance of counsel (i.e., Hicks, whose license had been suspended twice). District Judge Clevert dismissed the petition on the ground that Brown failed to exhaust his remedies in the state judicial system, as required by 28 U.S.C. § 2254(b)(2), because his petition for state postconviction relief was still ongoing. *Brown v. Wisconsin*, No. 2:14-cv-00872-CNC (E.D. Wisc. Feb. 12, 2015). We denied his request for a certificate of appealability, *Brown v. Pollard*, No. 15-1310 (7th Cir. June 25, 2015).

Brown next filed a § 1983 complaint against Hicks, Sarah Lewis (the assistant district attorney who prosecuted him), the Milwaukee County Circuit Clerk of Court, the judge who presided over his state trial, the Wisconsin State Public Defender Office, and his state postconviction attorney. Brown again argued (1) that his conviction was invalid because Hicks's license suspensions violated his constitutional rights and (2) that the remaining defendants had conspired to cover up Hicks's illegal behavior. Judge Clevert

dismissed that complaint without prejudice and advised Brown that he must file a habeas corpus petition if he wanted to attack what he believed to be a wrongful conviction. *Brown v. Hicks*, No. 14-cv-00795-CNC (E.D. Wisc. Oct. 31, 2014).

About six months later Brown filed this § 1983 complaint against mostly the same defendants, arguing primarily that his constitutional rights were violated by Hicks's license suspensions as well as a conspiracy among the defendants to delay trial. Brown alleged that Hicks violated the Fifth, Sixth, Eighth, and Fourteenth Amendments by continuing to represent him while his license was suspended. Brown accused Lewis, the state prosecutor, of misconduct when she conspired with Hicks to delay the trial and failed to charge Hicks criminally for practicing law without a license. He also alleged that Lewis and the Milwaukee County Jail violated the Eighth Amendment by incarcerating him before trial "without charges" and housing him with "convicted inmates." Brown also accused several employees of the Wisconsin State Public Defender's Office of violating the Sixth, Eighth, and Fourteenth Amendments by leaving him in jail "without charges" and appointing Hicks. Similarly, he alleged that the Office of Lawyer Regulation violated his rights by deliberately ignoring Hicks's representation of him while suspended. Finally, Brown alleged that the clerk of court falsified the trial docket and recorded fake hearings to conceal the violation of his speedy trial rights and his being detained without being charged. He sought damages as a remedy.

District Judge Pepper screened Brown's complaint, *see* 28 U.S.C. § 1915A, and determined that any claims challenging his criminal conviction (i.e., that his trial counsel was ineffective or that his trial was otherwise unconstitutional) were barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). That decision forecloses prisoners from bringing a § 1983 action requesting damages for an unconstitutional conviction or imprisonment without first showing that the challenged conviction or sentence has been reversed or expunged. *Id.* at 486–87. The judge reminded Brown that the only way to challenge the validity of a state criminal conviction in federal court was to file a petition for a writ of habeas corpus. And to the extent that Brown wished to proceed on his claims under the Eighth Amendment that he was tortured, beaten, starved, or denied medical attention at the Milwaukee County Jail, the court directed him to amend his complaint and specify which individuals did which things to him, and when.

Brown then filed an amended complaint repeating the same allegations as before. He alleged, for instance, that the jail subjected him to cruel and unusual punishment by housing him "with convicted inmates" and kept him in the jail without charges or bail. But he did not elaborate on that claim, as he had been directed to do, so the district court dismissed the case. In the court's view, *Heck* continued to bar Brown's claims about his

trial attorney and the denial of his speedy-trial rights, and he did not present details sufficient to state a claim about the conditions at the jail.

On appeal Brown does not contest the dismissal of his Eighth Amendment claims against the jail and focuses instead on the district court's application of *Heck.* He maintains that he is not challenging the validity of his conviction and that his goal solely is to improve the procedure by which the Public Defender Office appoints counsel. But the district court correctly found his case *Heck*-barred. Brown seeks damages for constitutional violations—Fifth, Sixth, and Fourteenth Amendments—the success of which necessarily would call the validity of his conviction into question. *See Strunk v. United States*, 412 U.S. 434, 440 (1973) (speedy-trial violation required dismissal of indictment); *United States v. Smith*, 674 F.3d 722, 729 (7th Cir. 2012) (prosecutorial-misconduct claim required showing that defense was prejudiced by improprieties); *Hardamon v. United States*, 319 F.3d 943, 951 (7th Cir. 2003) (ineffective-assistance-of-counsel claim required showing that plaintiff was prejudiced by attorney's license suspension). To the extent that Brown now proposes to challenge the *Heck* ruling on the ground that he seeks only to improve the public defender's procedure for appointing counsel, he waived that argument by not raising it first in the district court. In any event, Brown's new theory for avoiding *Heck* fails to identify any relief from which he would benefit and he has no standing. *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180–81 (2000).

Brown has incurred one "strike" for filing a frivolous complaint and a second for pursuing this appeal. 28 U.S.C. § 1915(g); *Hains v. Washington*, 131 F.3d 1248, 1250 (7th Cir. 1997).

AFFIRMED.